# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>OMNI EXCAVATORS, INC.,<br><br>    Debtor and Debtor in Possession. | Case No. 24-00050-ELG<br>Chapter 11<br>Subchapter V |
| FARIBA AMIRI,<br><br>    Plaintiff,<br><br>vs.<br><br>OMNI EXCAVATORS, INC.,<br><br>    Defendant. | Adv. Proc. 24-10018-ELG |

## MOTION TO DISMISS OR REMAND

Omni Excavators, Inc. ("Defendant") seeks the dismissal and/or remand of this adversary proceeding, for the reasons set forth below.

Fariba Amiri ("Plaintiff") seeks to "remove" a lawsuit from the United States District Court for the District of Columbia to the United States Bankruptcy Court for the District of Columbia. As this Court previously found, such "removal" is a nullity and should be stricken. *In re Croley*, 121 B.R. 412 (Bankr.D.D.C.1990) (Teel, J.). The *Croley* decision, though brief, is directly on point. The holding of that decision is set forth below.

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Defendant*

> The Application seeks to effect removal to this bankruptcy court pursuant to 28 U.S.C. § 1452(a). But § 1452(a) only authorizes "removal to the district court." The district court already had Civil Action No. 89–0885 GAG pending before it; the removal statute is thus inapplicable. *Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc.,* 101 B.R. 16, 19 (Bankr.N.D.Ill.1989); *Helena Chemical Co. v. Manley,* 47 B.R. 72, 74–75 (Bankr.N.D.Miss.1985).
>
> Although 28 U.S.C. § 157(a) authorizes the district court to *refer* to the bankruptcy court civil actions related to a bankruptcy case, the district court has not seen fit to refer Civil Action No. 89–0885 GAG to this bankruptcy court. District Court Local Rule 601 provides for referral of related proceedings to the bankruptcy court but provides that *all* papers filed in a case or proceeding thus referred, "including the original petition," shall bear the bankruptcy court's caption. Plainly the rule deals with related proceedings commenced after the bankruptcy case commences. *Thomas Steel Corp.,* 101 B.R. at 21. The rule provides no mechanism for handling referrals of civil actions already pending in the district court; the rulemakers surely would have addressed the transfer of files and notice to parties in pending related civil actions if an automatic referral of such actions was contemplated.  Such an automatic transfer of pending related civil actions would additionally have obvious potential disruptive effects on the smooth functioning of both the district court and its bankruptcy court unit.  The only matters referred by Local Rule 601 are the original petition and, by necessary implication, subsequent proceedings in or related to the case.  If Civil Action No. 89–0885 GAG is to be referred here, it will have to be by an order of the district court.
>
> Because the civil action is not before the bankruptcy court by removal or referral, this adversary proceeding shall be closed.

*Id.* at 412-13 (footnotes omitted) (emphasis in original).  Other courts have found similarly.  *See Mitchell v. Fukuoka Daiei Hawks Baseball Club (In re Mitchell)*, 206 B.R. 204 (Bankr.C.D.Cal.1997) (holding that a case may not be removed from the district court to a bankruptcy court in the same district); *Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp.*, 222 B.R. 259, 262 (Bankr. D. Md. 1998) (Derby, J.) (same); *Cornell & Co., Inc. v. Southeastern Penn. Transp. Auth.*, 203 B.R. 585 (Bankr. E. D. Pa. 1997) (same); *Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc.*, 101 B.R. 16 (Bankr. N. D. Ill. 1989) (same); *Centrust Savings*

2

*Bank v. Love*, 131 B.R. 64, 66 (S. D. Tex. 1991) (same); *HCFS Business Equip. Corp. v. LDI Fin. Servs. Corp.*, 129 B.R. 157 (N. D. Ill. 1991) (same); *Safeco Ins. Co. of Am. v. Watson– Mahaney (In re Mahaney)*, 70 B.R. 578, 581 (Bankr.N. D. Ill. 1987) (same); *Helena Chemical Co. v. Manley*, 47 B. R. 72 (Bankr. N. D. Miss. 1985) (same); *In re Franklin Sav. Corp.*, 133 B.R. 154, 159 (Bankr. D. Kan. 1991) (same); *You Fit, Inc. v. Pleasanton Fitness, LLC*, No. 8:12-CV-1917-JDW-EAJ, 2012 WL 12905650, at *2 (M.D. Fla. Oct. 19, 2012) (same); *In re Donoho*, 402 B.R. 687, 691 (Bankr. E.D. Va. 2009) (Mitchell, J.) (stating in dicta that "action could not be "removed" from the district court to the bankruptcy court of the same district").

Additionally, the Defendant asserts that this matter is stayed and does not become unstayed by removal. The 1983 advisory committee notes to Federal Rule of Bankruptcy Procedure 9027 provide that "If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted." *In re Cashco, Inc.*, 599 B.R. 138, 147 (Bankr. D.N.M. 2019); *see also Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853, 855 (Bankr. N.D. Ind. 1991) ("While it appears that the automatic stay may not apply to the removal of pending litigation, the mere fact that litigation is removed does not operate to terminate the automatic stay.")*; Bridges v. Continentalafa Dispensing Co. (In re Continentalafa Dispensing Co.)*, 403 B.R. 653, 659 (Bankr.E.D.Mo.2009) ("Since Plaintiff's claims stem from pre-petition debts, Plaintiff's Complaint to collect on this pre-petition debt would in fact violate the automatic stay."). This Court has held that "actions taken in violation of the automatic stay are void." *In re Rothenberg*, 173 B.R. 4, 14 (Bankr. D.D.C. 1994). Counsel acknowledges this Court has ruled otherwise on this particular argument in separate unpublished decisions.

Defendant has other grounds to dismiss which it will raise in a separate motion, but, given the null and void nature of this adversary proceeding, believed it appropriate to bring this matter to the Court's attention as quickly as possible.

WHEREFORE, the Defendant respectfully requests that this Court dismiss this adversary proceeding as a nullity, or, in the alternative, remand it, and grant such other relief as it deems appropriate and proper.

Dated:  May  28, 2024            Respectfully submitted,

/s/ *Justin Fasano*
Janet M. Nesse (Bar No. 358514)
Justin P. Fasano (Bar No. MD21201)
McNamee Hosea, P.A.
6404 Ivy Lane, Suite 820
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the May  28, 2024, I caused a copy of the foregoing to be served by CM/ECF to all parties receiving notice thereby.

 /s/  Justin P. Fasano
Justin P. Fasano

4